UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROCKY RELIFORD, | ) |
| Petitioner, | ) ) ) |
| vs. | ) No. 2:16-cv-00196-LJM-DKL |
| S. JULIAN WARDEN, | ) ) ) |
| Respondent. | ) |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Pursuant to 28 U.S.C. § 2241, Petitioner Rocky Reliford seeks this Court's review of his petition for a writ habeas corpus challenging his detention. Reliford argues that the United States Parole Commission's ("Commission's") decision to deny his mandatory parole was arbitrary and capricious and therefore an abuse of discretion. He also claims that the Commission's determination that he would likely re-offend if released is not supported by the record. For the reasons set forth below, the Court **DENIES** Reliford's petition.

## I. BACKGROUND

The facts in this case are not in dispute. Between February 15, 1986, and March 15, 1986, Reliford, who was a United States Marine, along with two co-defendants conspired to rob and murder Lance Corporal Hiquiana and his wife. Dkt. 8-1 at 2. On March 15, 1986, Reliford slashed the Lance Corporal's throat and strangled his wife prior to slashing her throat. Dkt. 8-1 at 2.[1] Following the murders, Reliford and his co-

---

[1] It is unclear who murdered Mrs. Hiquiana, but it is undisputed that Reliford murdered Lance Corporal Hiquiana. *Compare* dkt. 8-1 at 2, 20.

1

defendants stole items in the apartment valued at $555.00. Dkt. 8-1 at 2. They also went to a credit union and withdrew $5,500.00 from the victims' account. Dkt. 8-1 at 2.

On August 21, 1996, Reliford was convicted of Murder, Conspiracy to Commit Murder, and Robbery and received a sentence of life imprisonment by the Navy Court Martial. Dkt. 8-1 at 5-7.

On May 30, 2001, the Commission conducted an initial parole hearing for Reliford, after which it ordered him to continue his sentence and set a reconsideration hearing for May 2016. Dkt. 8-1 at 8-9.

The National Appeals Board affirmed the Commission's decision. Dkt. 8-1 at 10.

The Commission conducted Statutory Interim Hearings ("Interim Hearings") on October 28, 2003, and January 5, 2009. Following each Interim Hearing, the Commission ordered no change in the 15-year reconsideration hearing date of May 2016. Dkt. 8-1 at 11-12.

On February 20, 2009, the Commission designated Reliford's case as Original Jurisdiction. Dkt. 8-1 at 13.

On January 4, 2011, the Commission conducted another Interim Hearing, after which it ordered no change to the 15-year reconsideration hearing date of May 2016 or the decision to continue Reliford's sentence to its expiration. Dkt. 8-1 at 14.

On November 14, 2012, and November 13, 2014, the Commission held two more Interim Hearings and after each ordered no change in the previous decision. Dkt. 8-1 at 15-16.

On November 9, 2015, the Commission conducted a Mandatory Parole Hearing for Reliford. Dkt. 8-1 at 20-21. Following the hearing, the Commission denied mandatory

parole. Dkt. 8-1 at 20-21. In support of the denial, the Commission cited Reliford's 11 infractions during his incarceration, including assault and harassment of staff. Dkt. 8-1 at 20. The Commission noted that Reliford "attempted to minimize [his] actions in these 11 infractions and blamed others." Dkt. 8-1 at 20. The Commission also considered the instant offense for which Reliford was incarcerated, which was the "brutal murder of a fellow US Marine and his wife in which [Reliford's] co-defendant strangled and then sliced Mrs. Hiquiana's throat and then [Reliford] sliced Mr. Hiquiana's throat dropping the bodies on the apartment floor and they bled to death." Dkt. 8-1 at 20. The Commission also noted Reliford's motivation for murdering and robbing the couple was to support his "lifestyle of drinking and womanizing in the city of Okinawa, Japan." Dkt. 8-1 at 20. Further, the Commission considered Reliford's hearing testimony, in which he "attempted to minimize [his] conduct in these murders by saying [he] only killed Mr. Hiquiana after [he] watched [his] co-defendant kills [sic] Mrs. Hiquiana and just went along with him." Dkt. 8-1 at 20. The Commission also noted that Reliford declined participation in programming that would minimize his risk to re-offend. Dkt. 8-1 at 20. Finally, the Commission again alluded to Reliford's inability to take responsibility for both his institutional infractions and the murder of the Hiquianas. Dkt. 8-1 at 20. Given these considerations, the Commission concluded that Reliford has frequently violated the rules of the institution and remained a threat to engage in further criminal activity should he be released on parole. Dkt. 8-1 at 20.

Reliford appealed the Commission's decision and the National Appeals Board denied his petition for reconsideration on May 20, 2016. Dkt. 8-1 at 22.

## II. **DISCUSSION**

Reliford argues that the Commission's findings that he is likely to re-offend and frequently violated institution rules, which informed the Commission's decision to deny his mandatory parole, are not supported by any probative evidence and are therefore arbitrary and capricious.

In determining parole, the Commission "shall not release [a] prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime." 18 U.S.C. § 4206(d). The Commission maintains "sole power to grant or deny parole in the exercise of its discretion." *Solomon v. Elsea*, 676 F.2d 282, 290 (7th Cir. 1982). Thus, the authority to review the Commission's decision is limited to a determination of whether or not the Commission's decision constitutes an abuse of discretion. *See id*. A reviewing court's "inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons." *Id*. Further, "absent a procedural or legal error, judicial review of Parole Commission action is limited to determining whether the Commission action was arbitrary or capricious." *Pulver v. Brennan*, 912 F.2d 894, 896 (7th Cir. 1990).

Reliford first argues that he could not have "frequently" violated the rules of the institution because he maintained an exemplary and incident free disciplinary record for the ten year period immediately preceding the mandatory parole hearing. Dkt. 10 at 3. But the Commission also cited the serious nature of at least two of these infractions, which included assault and staff harassment. Dkt. 8-1 at 20. Moreover, the Commission cited Reliford's lack of repentance and his attempt to deflect blame for the infractions on others.

4

Dkt. 8-1 at 20. Given these considerations, a rational basis existed to support the Commission's finding that Reliford frequently or seriously violated the rules of the institution.

Reliford also contends that the Commission's finding that he was likely to engage in further criminal activity if released on parole is solely based on his instant offenses, which is not permissible. Dkt. 10 at 7. Reliford states that the Commission failed to consider and weigh mitigating factors in his favor. Dkt. 10 at 5-6. He further claims that the Commission improperly weighed his lack of participation in the Challenge program against him since it was not available to him. Dkt. 10 at 7. Reliford argues that he "has in fact, and contrary to the [Commission's] findings, attended and completed Victim Awareness, Victim Impact, and Aggression Reduction Training." Dkt. 10 at 5.

To the contrary, the Commission did observe Reliford's prior program attendance while in military custody, but noted that "since [Reliford's] transfer to the BOP, [Reliford did not take] any victim impact / victimization which might minimize [his] risk to re-offend." Dkt. 8-1 at 20. Moreover, the "Commission is neither required to state every factor upon which it relied in reaching its decision nor is it required to state that it reviewed any particular type of documentation." *Slader v. Pitzer*, 107 F.3d 1243, 1249 (7th Cir. 1997). Finally, Reliford fails to address the Commission's finding that "during [Reliford's] hearing, [he] made several attempts to blame others for [his] actions both in the murders of the Hiquianas and in [his own] institutional misconduct." Dkt. 8-1 at 20. Provided this lack of accountability and remorse for such a brutal crime forms a rational basis for the Commission's determination that Reliford is likely to engage in further criminal activity, thereby warranting a denial of his mandatory parole.

5

### III. **CONCLUSION**

For the foregoing reasons, Petitioner Rocky Reliford's petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DENIED**. The Court will enter judgment accordingly.

IT IS SO ORDERED this 31st day of May, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROCKY RELIFORD
REG NO 13005-045
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov